## 12442

### SHEALY v. CAPPELMANN, TREASURER

#### (143 S. E., 178)

USURY—RECITAL THAT UNPAID INTEREST ON 8 PER CENT. NOTE SHOULD DRAW SAME INTEREST HELD NOT TO RENDER NOTE USURIOUS WHEN ENFORCED BY ASSIGNEE.—Recital in note bearing 8 per cent. interest, "Interest to be paid annually, and, if not so paid, to become principal and draw interest at the rate aforesaid," *held* to give assignee of note right to charge 8 per cent. interest on unpaid interest, and by so doing assignee was not guilty of usury, and his act did not violate usury statute.

Before DENNIS, J., Richland, November, 1926. Affirmed.

Action by J. E. Shealy against F. William Cappelmann, treasurer. Judgment for defendant, and plaintiff appeals.

The following are the exceptions referred to in the opinion:

(1) Because his Honor erred in holding that the notes in question gave the respondent the right to demand and collect compound interest, when it is respectfully submitted that he should have overruled the demurrer, and held that said notes did not give defendant the right to demand and collect compound interest in its strictest sense, but that the respondent only had the right to collect the interest on the principal and simple interest on each annual installment of interest until paid in full, which system is known as "annual interest," or what is designated in the law books as a "middle course" between simple and compound interest.

(2) Because his Honor erred in sustaining the demurrer and holding the terms of the note gave the defendant the

right to collect interest upon principal, and upon the interest
on the principal, and also erred in holding that the defendant
had the right to collect interest upon the interest on ·the in-
terest *ad infinitum,* at 8 per cent. per annum, which was
not provided for in the notes.

(3) That his Honor erred in holding that the notes pro-
vided for the demand and collection of compound interest in
its strictest sense, whereas annual interest, or what is some-
times designated a "middle course" between simple and com-
pound interest, was the greatest amount of interest allowed
under the terms of said notes.

*Messrs. E. U. Shealy,* and *T. C. Sturkie,* for appellant,
cite:   *As to collection of interest:*   110 S. C., 579-580.
*Honest belief of ·legal right to collect compound interest will
not avail defendant:* 76 S. C., 451.   *"Compound interest":*
22 Cyc., 1470.   *Only interest on principal becomes principal:*
12 Am. Rep., 642; 57 Mich., 430; 1 N. H., 179; 63 N. Y.,
631.

*Messrs. Nelson & Mullins,* for respondents, cite:   *Com-
pounded interest may be collected in South Carotina:*   110
S. C., 569; 55 S. C., 132; 63 S. C., 470; *"Compound inter-
est":* Black's Law Dict., 234.   *"Annual interest":*   37 A. L.
R., 326.   *Notes at bar provide for payment of interest on
interest:*   33 L. R. A. (N. S.), 295; 33 S. C., 150.   *Pro-
vision that interest shall be paid annually entitles holder to
collect interest upon interest:*   2 Hill, 408; 9 Rich., 80; 10
Rich. Eq., 582; 17 S. C., 13.   *Cases distinguished:*   76 S.
C., 450; 30 S. C., 61; 137 S. C., 341.

May 2, 1928.

The opinion of the Court was delivered by MR. JUSTICE
CARTER.

This action by the plaintiff, J. E. Shealy, against the de-
fendant, F. W. Cappelmann, treasurer, etc., was commenced
in the Court of Common Pleas for Richland County by

service of a summons and complaint April 1, 1926, for the recovery of the usury penalty.

The ·plaintiff in his complaint alleged that the defendant demanded and collected compound interest upon the notes described in the complaint and that by so doing violated the usury statute, and, because of this alleged act on the part of the defendant, the plaintiff demanded the penalty provided by the usury statute, a sum double the amount of interest collected.

The defendant demurred to the complaint on the ground that the same did not allege facts sufficient to constitute a cause of action for the reason that it appeared on the face of the complaint that the terms of the notes in question provided for the payment and collection of compound interest.

The demurrer was heard by his Honor Judge E. C. Dennis, at the November, 1926, term of Court of Common Pleas for Richland County, who, after a full consideration, issued an order sustaining the demurrer and dismissing the complaint. From this order the plaintiff has appealed to this Court, imputing error to his Honor, Judge Dennis, in the particulars set forth under the several exceptions which will be incorporated in the report of the case.

In considering the exceptions, we shall not consider them separately, but as a whole, for the reason that the only question raised is "whether or not under the terms of the notes the defendant was entitled to charge and collect compound interest."

The two notes in question, executed by the plaintiff and assigned to the defendant, contain the following language, one of them being $225.00, and the other for $250:

"$225.00    Lexington, S. C., March 25, 1913.

"One year after date, for value received, I promise to pay to C. M. Efird, Treasurer of the United Synod of the Evangelical Lutheran Church, or order, the sum of two hundred twenty-five dollars, with interest thereon from date until

fully paid at the rate of 8 per cent. per annum.   Interest to
be paid annually, and, if not so paid, to become principal and
draw interest at the rate aforesaid.

"J. E. Shealy."

"$250.00                          Lexington, S. C., Dec. 4, 1913.

"One year after date, for value received, I promise to pay
to C. M. Efird, Treasurer of the United Synod of the Evan-
gelical Lutheran Church in the South, or order, the sum
of two hundred and fifty dollars, with interest thereon from
date until fully paid at the rate of 8 per cent. per annum.
Interest to be paid annually, and, if not so paid, to become
principal and draw interest at the rate aforesaid.

"J. E. Shealy."

We agree with Judge Dennis in the conclusion reached and
think he issued a proper order in the case.   The clause, "In-
terest to be paid annually, and, if not so paid, to become prin-
cipal and draw interest at the rate aforesaid," in our opinion,
gave to the defendant, to whom the notes had been assigned,
the right to charge the same rate of interest (8 per cent.)
on all unpaid interest that was charged on the principal, and
by so doing the defendant was not guilty of usury and his
act was not in violation of the usury statute.

In the support of this view, reference may be had to the
case of *Tate v. Lenhardt,* 110 S. C., 569; 96 S. E., 720, to
which Judge Dennis called attention.   The opinion in that
case, written by Mr. Justice Hydrick, deceased (honored and
highly esteemed member of the Court), contains a clear and
full discussion of this question and clearly supports the con-
clusion reached by Judge Dennis.

The exceptions are therefore overruled, and it is the judg-
ment of this Court that the judgment of the Circuit Court
be and is hereby affirmed.

MR. CHIEF JUSTICE WATTS, and MESSRS. JUSTICES
COTHRAN, BLEASE, and STABLER concur.